# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| KRISTYN POLEN, | * | No. 12-46V |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| | * | Filed: March 31, 2014 |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs; award |
| AND HUMAN SERVICES, | * | in the amount to which |
| | * | respondent does not object. |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Firooz Taghi Namei</u>, McKinney & Namei Company, L.P.A. Cincinnati, OH, for petitioner;
<u>Debra A. Filteau Begley</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On March 26, 2014, respondent filed a stipulation of fact concerning final attorney's fees and costs in the above-captioned matter. Previously, petitioner informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended her application to request $18,813.77, an amount to which respondent does not object. The Court awards this amount.

On January 23, 2013, Kristyn Polen filed a petition for compensation alleging that that she developed fibromyalgia, chronic fatigue, myofascial pain syndrome and polyarthralgia, as a result of human papillomavirus ("HPV") vaccinations she received on July 23, 2009 and September 24, 2009. Petitioner was unable to find an expert to establish causation and thus, requested a ruling on the record. In this ruling, compensation was denied. <u>Decision</u>, dated Nov. 12, 2013.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioners spent time gathering medical records, filing affidavits for petitioners and participating in periodic status conferences.  Counsel undertook a search for an expert witness to opine on petitioner's case.  When it was determined that an expert was not available, counsel took steps to resolve this case relatively quickly so as not to increase costs and expenses unnecessarily.  Thus, because petitioners' counsel acted in good faith and there was a reasonable basis for proceeding, petitioners are eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioners failed to satisfy these criteria.

Petitioner seeks a total of **$18,813.77** in attorneys' fees and costs for her counsel.  Additionally, in compliance with General Order No. 9, petitioner states that she incurred no out-of-pocket litigation expenses while pursuing this claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $18,813.77 in the form of a check made payable to petitioner and petitioner's attorney, Firooz T. Namei of The Law Firm of McKinney and Namei Co., L.P.A., for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.[2]

**IT IS SO ORDERED.**

                                                    s/Christian J. Moran
                                                    Christian J. Moran
                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.